UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESUS NEGRON-ROSSY,

    Defendant.

Criminal No. 13-770-07 (JAF)

**O R D E R**

The court issues this Order to clarify the government's standard of proof for showing the amount of drugs involved when a defendant pleads guilty to an indictment alleging an amount of drugs that meets or exceeds the amount necessary to trigger the mandatory minimum sentence in §2D1.1.

The Supreme Court in *Alleyne* found that "facts that increase mandatory minimum sentences must be submitted to the jury" and proven beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. ____, 133 S.Ct. 2151, 2163 (2013). *Alleyne* overruled *Harris v. United States,* 536 U.S. 545, to the extent that a certain finding alters a mandatory minimum. *Alleyne* does not, however, require all facts considered by the court for sentencing to be determined beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163.

Following the Supreme Court decision in *Alleyne*, the First Circuit found that "factual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not

result in imposition of a mandatory minimum sentence," need not be submitted to a jury. *United States v. Ramirez-Negron*, 751 F.3d 42, 44 (1st Cir. 2014). Thus, in drug cases, when the defendant pleads guilty to an indictment alleging an amount necessary to trigger the mandatory minimum, *Alleyne* does not apply and the government need only prove the amount of drugs involved by a preponderance of the evidence. For example, because there is no increase in the mandatory minimum after 5 kilos of powder cocaine, *Alleyne* is not triggered when a defendant pleads guilty to being involved with "5 or more" kilos.

Accordingly, following a guilty plea to an amount of drugs triggering the mandatory minimum sentence and absent a stipulation as to the amount of drugs involved, the court will make its finding of the amount of drugs in question based on the preponderance of the evidence.

This ruling disposes of any remaining issue in Docket No. 222.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of July, 2014.

                                                        S/José Antonio Fusté
                                                        JOSE ANTONIO FUSTE
                                                        U. S. DISTRICT JUDGE